```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**ANTHONY CREMER**
**STEVEN R. BURTON,**

                  **Plaintiffs,**

      **v.**                                    **CASE NO. 09-3200-SAC**

**EMALEE CONOVER, et al.,**

                  **Defendants.**

**O R D E R**

This matter is before the court on a pro se complaint seeking relief under 42 U.S.C. § 1983, filed by two prisoners confined in a Kansas correctional facility. Also before the court are motions for leave to proceed in forma pauperis by each plaintiff.

Because plaintiffs are prisoners, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Before undertaking that screening, however, the court first finds Mr. Cremer and Mr. Burton may not proceed as joint plaintiffs in this civil action.

As amended by the Prison Litigation Reform Act (PLRA) in 1996, prisoners seeking relief in any civil action submitted to the federal court must pay the full district court filing fee. 28 U.S.C. § 1915(b)(1). Some courts examining the impact of multiple plaintiffs on this statutory requirement have decided that prisoner plaintiffs may not undermine this statutory obligation by joining in

the filing of a single action, and have held that each prisoner plaintiff must pay the full district court filing fee. *See e.g.*, Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001)(each prisoner must proceed in a separate action and be responsible for payment of the full district court filing fee). *See also* Pinson v. Whetsel, 2007 WL 428191 (Slip Copy)(W.D.Okl. Feb. 1, 2007)(discussing difficulties if joinder of prisoner plaintiffs permitted). *But see*, Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004)(permissive joinder of prisoner plaintiffs is allowed, but each joined prisoner must pay the full individual filing fee), Hagan v. Rogers, 570 F.3d 146 (3rd Cir. 2009)(adopting reasoning in Boriboune).

This court has adopted the approach taken by the Eleventh Circuit in Hubbard.[1] Accordingly, each prisoner plaintiff in a non-habeas civil action[2] is obligated to pay the full $350.00 district court filing fee over time as provided by 28 U.S.C. § 1915(b)(1)-(2), even if granted leave to proceed in forma pauperis without prepayment of that fee, and must proceed in a separate action.

---

[1] The Tenth Circuit Court of Appeals has not yet decided this issue. *See* Woodruff v. Wyoming, 49 Fed.Appx. 199, *202, 2002 WL 31243550, *2 (10th Cir. 2002)(citing for comparison Hubbard (no multi-plaintiff actions and each inmate must pay the full amount of the appellate filing fee), In re Prison Litigation Reform Act, 105 F.3d 1131, 1138 (6th Cir. 1997)("any fees and costs that the district court or the court of appeals may impose shall be equally divided among all the prisoners"), and Burke v. Helman, 208 F.R.D. 246 (C.D.Ill. 2002)(each inmate not required to pay entire filing fee in multi-plaintiff action), without having to decide apportionment issues regarding payment of the appellate filing fee in the appeal).

[2] Habeas corpus actions and appeals are not considered "any civil action" for purposes of the mandatory PLRA fee obligations. *See* United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997)(PLRA does not encompass state habeas actions or appeals therefrom).

The court thus directs the clerk to open a new case with Mr. Burton as the sole plaintiff. The court will then address in each case the plaintiff's pending motion for leave to proceed in forma pauperis, and initially review the complaint as required by 28 U.S.C. § 1915A.

IT IS THEREFORE ORDERED that this action brought by two prisoner plaintiffs is severed such that each prisoner proceeds as the sole plaintiff in their respective case. The clerk's office is directed to open a new case with Mr. Burton as the sole plaintiff, to copy all pleadings signed by Mr. Burton in the instant case, and to place said copied pleadings into Mr. Burton's case.

**IT IS SO ORDERED.**

DATED:  This 1st day of October 2009 at Topeka, Kansas.

 s/ Sam A. Crow  
SAM A. CROW  
U.S. Senior District Judge
